Julio ARRESCURRENAGA;
et al., Petitioners,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 07–70967.

United States Court of Appeals,
Ninth Circuit.

Submitted June 29, 2010.*

Filed July 7, 2010.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Gerald Kenneth Roberts, Law Offices of Gerald K. Roberts, Pittsburg, CA, for Petitioners.

Andrea Gevas, Colette Jabes Winston, Esquire, David V. Bernal, Assistant Director, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: ALARCÓN, LEAVY, and GRABER, Circuit Judges.

## MEMORANDUM **

Julio Arrescurrenaga and Jacinta Malaver ("adult petitioners"), and their children Carolina and Andrea, natives and citizens of Peru, petition for review of the Board of Immigration Appeals' ("BIA") order affirming the immigration judge's decision denying their applications for asylum and withholding of removal application. We

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law and review for substantial evidence the agency's factual findings. *See Cruz–Navarro v. INS*, 232 F.3d 1024, 1028 (9th Cir.2000). We deny in part and grant in part the petition for review.

The BIA found that adult petitioners had failed to establish past persecution because the attacks they suffered were inherent risks in their duties as police officers. The record does not compel the conclusion that adult petitioners suffered harm on account of their actual or imputed political opinion, or as members of a particular social group consisting of police officers. *See id.* at 1029–30. Substantial evidence also supports the BIA's finding that adult petitioners do not have a well-founded fear of future persecution based on their status as former police officers because they failed to show that the government is unwilling or unable to protect them. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1153–54 (9th Cir.2005).

Andrea and Carolina argued to the BIA that they suffered past persecution and have a well-founded fear of future persecution on account of their membership in a particular social group, namely their family. The BIA, however, did not address their claims. Accordingly, we grant the petition with respect to Andrea and Carolina's claims and remand for the BIA to address them in the first instance. *See Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir.2005) ("the BIA [is] not free to ignore arguments raised by a petitioner"); *see also INS v. Ventura*, 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam). We also grant the petition and remand as to Carolina's claim

* The panel unanimously concludes this case is suitable for decision without oral argument.

that she is eligible for humanitarian asylum relief under 8 C.F.R. § 1208.13(b)(1)(iii)(B), due to her growth hormone deficiency, because the BIA also failed to address this claim. *See id.*

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**